1  Christie Gaumer (SBN 150649)
   *christie@gaumerlaw.com*
2  LAW OFFICE OF CHRISTIE GAUMER
   3940 Laurel Canyon Blvd., No. 733
3  Studio City, CA 91604
   Tel: (323) 934-8500
4

5  Attorney for Plaintiff
   DAVID DEAN
6

7

8                **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  DAVE DEAN, an individual,                │ CASE NO: 5:24-CV-01194

12                        Plaintiff,          │ **COMPLAINT FOR:**

13        vs.                                 │  1. **Appeal from the Decision of the**
                                              │     **Trademark Trial and Appeal**
14                                            │     **Board Pursuant to 15 U.S.C. §**
    A.E. TRIBE, LLC, a Georgia limited        │     **1071(b)**
15  liability company; EVITA ALEXANDER-       │  2. **Cancellation of Application/Mark**
    ESTEVES, an individual, and Does 1        │  3. **Request for Declaratory**
16  through 10,                               │     **Judgment Pursuant to 28 U.S.C.**
                                              │     **§§ 2201 and 2202**
17                        Defendant.          │  4. **Dilution of Trade Name**
                                              │ **Request for Jury Trial**
18

19

20

21        Plaintiff**,** Dave Dean, hereby alleges as follows:

22        THE PARTIES

23        1.      Plaintiff Dave Dean ("Dean" or "Plaintiff") is an individual doing business and

24  residing in the City of Palm Springs, and State of California.

25

26

27

28

2. Defendant A.E. Tribe, LLC ("AE") is a Georgia limited liability company, and is a dissolved entity by the Georgia Secretary of State.

3. Defendant Evita Alexander-Esteves ("Esteves") is an in individual, an on information and belief, is residing in and/or a citizen of the State of Georgia. Plaintiff is informed and believes and thereon alleges that Esteves is the sole member and successor to AE.

4. Plaintiff is ignorant of the true names and capacities of other defendants sued herein as Does 1 through 10, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint at a later time to allege their true names and capacities when ascertained.

5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment. (AE, Esteves and Does 1-10 are collectively referred to as "Defendants".)

JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to Section 21(b) of the U.S. Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1071(b), which permits a party to challenge a final decision of the Trademark Trial and Appeal Board ("TTAB") by filing a Federal District Court action. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Personal jurisdiction over Defendants is proper here under 28 U.S.C. § 1391(b) because Defendants purport to do business in Interstate commerce, and on information and belief, claimed sales in this jurisdiction.

U.S. PATENT & TRADEMARK OFFICE PROCEEDINGS AND HISTORY

A.    Plaintiff's Background Concept/Searches

8.    In early 2018, Plaintiff conceived of a hotel and merchandising concept which would include a boutique hotel providing a trend-setting experience for the visitor, beginning in Palm Springs, California, along with ancillary merchandising of clothing and accessories, sold through an online store and in the hotel, and future hotels. Hotels in Palm Springs cater to a nationwide, even worldwide, clientele because of the nature of Palm Springs being a destination for travel, including without limitation, for winter vacations from cold climates, and for golf events, music events and other local attractions.

9.    Before then Plaintiff had more than 35 years in the business of event production focused on entertainment such as DJ driven music venues as well as nightclubs, all catering to the public. Along with that work, Plaintiff utilized a merchandising and marketing approach to sell clothing and accessories to support those events and venues. Such experience provided a background for promotion of a similar hotel catering to a trendy mark, utilizing a hotel and ancillary marketing. Plaintiff's goal was to build a hotel and its brand as one unit, including the hotel, the experience and the merchandise that the visitor would purchase as further support of that experience. Plaintiff wanted the hotel, and the branded merchandise, to reflect an art-centric, mid-century aesthetic that was trendy and notable.

10.    In 2018, Plaintiff searched for a hotel to begin his business model and obtained investors based on his years of experience in building successful experience businesses. Plaintiff, along with the people involved, decided to name the hotel concept Mahala, which means *neighborhood*.

11.    In connection with Plaintiff's prior concepts, Plaintiff applied for and obtained other trademarks for the various underlying business, for instance in Classes 41, 42 or 43 for music related events and venues, and also pursued registrations in the merchandising categories of 25 for clothing and accessories and 35 for an online store. Given that background, Plaintiff understand the importance of trademark registrations, and pursued the same strategy with this concept in the early stages.

B.      Plaintiff's Trademark Applications and Registrations

12.      Plaintiff's 43 mark: U.S. Trademark Registration no. 6,821,267 ("the 267 mark" or Plaintiff's 43 mark) for MAHALA, filed on March 22, 2018 and registered to Plaintiff on August 16, 2022. This mark relates to multiple uses, including food establishment, namely, café, restaurant, restaurant carryout services, coffee bar, bar and cocktail lounge services, hotel services, hospitality services, namely, hotel restaurant services, hotel services for preferred customers.

13.      The first use is December 1, 2021, and in commerce is May 1, 2022.

14.      When Plaintiff filed for the mark, Plaintiff conducted a search of the USPTO website and found no other mark for MAHALA.

15.      Plaintiff's Ancillary Mark:  U.S. Trademark Serial Application No. 88651413 ("Plaintiff's Ancillary Application") for MAHALA was filed on October 11, 2019 by Plaintiff as a section 1B filing. This mark relates to multiple uses in three classes:

   Class 25: clothing and accessories, namely T-shirts, sweatshirts, hooded sweatshirts, tank tops, shorts, sweat shorts, sweat pants, hats and shoes;

   Class 33: distilled spirits, alcoholic beverages except beers, wine, champagne, sparkling wine, hard seltzer, and

   Class 35: retail store services and online retail store services featuring clothing and closing accessories, furniture, home furnishings, barware, kitchenware, lighting fixtures, home goods, home décor, paper goods.

16.      When this application was filed, Plaintiff did a search of the USPTO database for Mahala, and again, did not find any other marks in these categories.

17.      Given Plaintiff's use with the 267 mark, Plaintiff intended that his Ancillary Mark use relate back to his use in Class 43 as a hotel brand selling related goods. Such brands are well established with various examples, including without limitation, the Hard Rock hotel, café, and related clothing and stores.

18.    To that end, Plaintiff researched the name Mahala both in the U.S. Patent and Trademark database as well as in online Google searches. Plaintiff saw no other uses for hotels or merchandise. There was no online presence at all for Defendants' alleged use.

C.    Defendants' Applications

19.    Defendants' 25 Application: U.S. Trademark Serial Application No. 88710125 for Mahala-stylized[1] was filed on November 28, 2019 by Defendants (after the date of the October 11, 2019 filing of Ancillary Application), based on a 1A filing. This mark is in Class 25, for use on goods, including tops as clothing, bottoms as clothing, t-shirts, sweatshirts, jackets, hats, caps, shorts, shirts, pants, coats, shoes, underwear, dresses, socks, bras, sports bras, robes, pajamas, scarves, bandanas, leggings, lingerie.

20.    The application lists the date of first use and first use in commerce as May 30, 2018. Such claimed date of first use was before the filing date of Plaintiff's Ancillary Application, and Plaintiffs would subsequently claim an even earlier date that is before Plaintiff's 267 mark, as discussed below.

21.    Defendants' 35 Application: U.S. Trademark Serial Application No. 88717692 for Mahala-stylized was filed on December 6, 2019 by Defendants, based on a 1B filing, with no claim having been made to any use. This mark is in Class 35 for use for retail store and on-line retail store featuring fragrances, personal care products, hair care products, body wear, body care products and clothing, headgear, footwear, bags, jewelry, watches, general merchandise, stationery, travel products.

D.    Defendant's Opposition Proceeding Before the TTAB – Resulting TTAB Decision

22.    On June 22, 2020, Defendant filed an opposition to Plaintiff's application for the Ancillary Marks as to Classes 25 and 35. On June 22, 2020, the TTAB sent its notice of trial dates. On August 3, 2020, Defendant filed his answer.

---

[1] As used herein, the term Mahala-stylized refers to the design mark claimed by Defendants.

COMPLAINT

23.    Defendants failed to prosecute the case resulting in its December 26, 2021 motion to reopen discovery, and various motion practice. On February 18, 2022, the TTAB reset the dates, but beginning at the trial period and beyond. Again, Defendant failed to prosecute the case, resulting in its opposed motion to reopen, resulting in the TTAB resetting the dates by its December 14, 2022 order beginning with trial testimony periods. There was not an opportunity for regular discovery based on such orders, creating prejudice for Plaintiff who was lead to believe Defendant had abandoned its case not once, but twice.

24.    Defendants submitted trial testimony by means of declarations and purported sales documents. With that information, Defendants argued that Defendants' first use of the Mahala-stylized mark was January 9, 2018, a date much earlier than Defendants' claimed date of first use to the Patent & Trademark Office in the sworn application filing, and a date that was designed to defeat Plaintiff's claim of expansion as to its 267 mark to the Ancillary Application.

25.    On information and belief, Defendants were not using the mark on those claimed dates of first use, but instead were selling good that were not branded with Mahala-stylized mark. As such, Defendants lacked any priority of use over Plaintiff's use for the 267 Mark and lacked any priority of use over Plaintiff's filing date for the Ancillary mark.

26.    Following submission of testimony, filing of briefs, and oral argument, on April 5, 2024, the TTAB issued its decision sustaining Defendant AE's opposition to Plaintiff's Ancillary mark as to Classes 25 and 35.

## FIRST CLAIM FOR APPEAL FROM DECISION OF THE TRADEMARK TRIAL AND APPEAL BOARD

### (15 U.S.C. § 1071(b))

27.    Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

28.    Plaintiff appeals the erroneous April 5, 2024 decision of the Trademark Trial and Appeal Board in the matter of *A.E. Tribe, LLC v. Dave Dean*, Opposition No. 91256518 ("Decision").

29.     The Decision is a final decision subject to review under Section 21 of the Lanham Act, 15 U.S.C. § 1071.

30.     The TTAB's panel's conclusions of law and its findings of fact in the Decision are not supported by substantial evidence to warrant the sustaining of the opposition.

31.     Plaintiff has taken no appeal of the Decision to the United States Court of Appeals for the Federal Circuit.

32.     Plaintiff seeks a *de novo* review of the TTAB's Decision by civil action under Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b).

33.     Plaintiff seeks an order reversing the TTAB's Decision on the basis that Defendants do not have priority of use, and instead Plaintiff has priority as to the Ancillary Application. Plaintiff further seeks an order requiring the USPTO allow registration of Plaintiff's Ancillary Application in Classes 25 and 35.

SECOND CLAIM FOR CANCELLATION

(15 U.S.C. § 1064(3)

34.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

35.     Plaintiff is informed and believe and thereon allege that the claimed date of first use by Defendant AE was not supported by actual use in Interstate Commerce of goods bearing the Mahala-stylized mark and that Defendants' use has not been continuous or commercially significant.

36.     As such, Plaintiff alleges on information and belief that Defendant's applications should be cancelled.

THIRD CLAIM FOR DECLARATORY JUDGMENT

(28 U.S.C. §§ 2201 and 2202)

37.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

COMPLAINT

38.     Plaintiff's application for his Ancillary marks has been opposed by Defendants on the grounds that Defendants have priority of use. Plaintiff claims priority of use and, on information and belief, that Defendants' use is incorrectly alleged.

39.     As such, there exists an actual controversy among the parties as to the registrability of Plaintiff's trademark and Ancillary application, with respect to which Plaintiff requests a declaratory judgment pursuant to 28 U.S.C. § 2201.

FOURTH CLAIM FOR DILUTION OF TRADENAME

(15 U.S.C. § 1125(c))

40.     Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

41.     Plaintiff has invested substantial sums in the MAHALA 267 mark and the hotel and related goods, and the mark is a famous mark in commerce and on the various internet search engines and therefore falls within the meaning of the Anti-Dilution Act, 15 U.S.C. § 1125(c).

42.     Plaintiff has no control over the quality of Defendants' website, goods, or advertising and other promotional materials, and their sporadic use and claim of the protected name of "MAHALA" for their purported clothing. As a result of such use of the trade name "MAHALA", the distinctive qualities of the trade name "MAHALA" are being and will continue to be diluted.

43.     Defendants' purported use and/or advertising bearing the name "MAHALA" is and will continue to result in the dilution of the distinctive nature of the trade name "MAHALA" through blurring, in violation of 15 U.S.C. § 1125(c).

44.     Defendants' wrongful conduct constitutes an extreme threat to the distinctiveness of the trade name "MAHALA" which Plaintiffs have expended great efforts and expense to develop and maintain through strict control.

45.     The distinctive nature of the trade name "MAHALA" is of enormous value, and Plaintiff is suffering and will continue to suffer irreparable harm and blurring of the trade name "MAHALA" if Defendants' wrongful conduct is allowed to continue.

46.     Defendants' wrongful conduct will likely continue unless enjoined by this Court. Plaintiff is entitled to a permanent injunction against Defendants, and each of them, as well as other remedies available under the Lanham Act, including but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment:

1.     Reversing the April 5, 2024 decision of the Trademark Trial and Appeal Board in the matter of *A.E. Tribe, LLC v. Dave Dean*, Opposition No. 91256518;

2.     Ordering the United States Patent and Trademark Office to register Plaintiff's Ancillary Application, Serial No. 88651413;

3.     Ordering the United States Patent and Trademark Office to cancel Defendant's applications, Serial Nos. 88710125 and 88717692;

4.     For special, general and consequential damages for dilution of the MAHALA mark;

5.     For an injunction prohibiting Defendant's sales, advertising and use of the MAHALA mark;

6.     For such other relief as the Court may deem just and proper, including costs and fees.

## REQUEST FOR JURY TRIAL

Plaintiff Dave Dean requests a jury trial as to any applicable claim for which jury trial is allowed.

Dated: June 6, 2024                     LAW OFFICE OF CHRISTIE GAUMER


BY:__/Christie Gaumer/_____
        Christie Gaumer
Attorney for Plaintiff Dave Dean